IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

XAVIER LEWIS,                      )
                                   )
              Plaintiff,           )
                                   )
v.                                 )    Case No. CIV-17-145-JHP-KEW
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
              Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Xavier Lewis (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A).   Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).   This Court's review is limited to two inquiries:   first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.   Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1]   Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.   Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.   20 C.F.R. §§ 404.1521, 416.921.   If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.   At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.   A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.   If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.   If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.   Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.   *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 20 years old at the time of the ALJ's decision. Claimant completed his education through the tenth grade.  Claimant has worked in the past as a cashier, cook, and table busser.  Claimant alleges an inability to work beginning October 1, 2011 due to limitations resulting from ADHD and oppositional defiance disorder.

## Procedural History

On October 7, 2013, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 30, 2015, Administrative Law Judge ("ALJ") Michael Harris conducted an administrative hearing by video with Claimant appearing in Ardmore, Oklahoma and the ALJ presiding from Oklahoma City, Oklahoma. On July 30, 2015, the ALJ issued an unfavorable decision. On February 17, 2017, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to develop the record; and (2) failing to include all of Claimant's limitations in the RFC (characterized by Claimant as an error "in reviewing the evidence").

### Duty to Develop the Record

In his decision, the ALJ determined Claimant suffered from the

severe impairments of attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder, bipolar disorder with psychosis, and substance abuse. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels but with the non-exertional limitations of being able to perform simple tasks with routine supervision; relate to supervisors and peers on a superficial work basis, but could not relate to the general public; and could adapt to a work situation. (Tr. 24).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of conveyor loader, clean up worker, and bakery worker, all of which were found to exist in sufficient numbers both regionally and nationally. (Tr. 29). As a result, the ALJ found Claimant was not under a disability since October 7, 2013, the date the application was filed. Id.

Claimant contends the ALJ failed to fully develop the record with regard to his "not fully developed fingers." The condition is referenced in Claimant's treating physician's clinical notes. Dr. Olen C. Baker stated in his note dated January 25, 2012 that "[n]ot having fingernails affects [Claimant's] self esteem. He quit basketball because of it." (Tr. 477, 732). Similarly, in a psychological evaluation on January 6, 2011, Dr. Janice Bigby stated in her report that "Xavier's fingers, with the exception of his

thumbs, are not fully developed and this is reportedly due to the drug and alcohol use by his biological mother during the pregnancy." (Tr. 720).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not

6

contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination exists in the record. No suggestion exists in the record to indicate that Claimant's lack of fingernails created a functional limitation which would preclude or hinder Claimant's ability to engage in basic work activities. To the contrary, Claimant did not identify his fingers as a basis for limiting his ability to do some type of work. (Tr. 50). Claimant testified further that he drove and participated in school sports, including wrestling, basketball,

and football without any indication that his fingers caused him
limitations in these endeavors. (Tr. 49). The ALJ did not violate
his duty to develop the record by not ordering further medical
evaluation of Claimant's fingers.

### RFC Determination

In a somewhat disjointed argument, Claimant first criticizes
the ALJ's reliance upon the opinion of a state agency physician
because no medical finding was made by the physician with regard to
Claimant's hands/fingers. If the condition posed no limitation upon
Claimant's ability to engage in basic work activity or any other
activity for that matter, no discussion of the condition would be
pertinent to the state agency physician's consideration. Claimant
then proceeds to discuss the phased step four requirements of
Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996), despite the fact
that Claimant had no past relevant work. Such a discussion is of
no moment to the issues presented in this review.

Claimant contends the ALJ should have addressed the lack of
fingernails as at least a non-severe impairment. The medical record
and the opinions of the medical professionals in this case do not
support the condition as an impairment at all - severe or non-severe
or in combination with any other impairments and, therefore, it was
not error for the ALJ to fail to discuss the condition in the

8

decision.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001).  A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p.  The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id.  The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  Id.  However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).  The ALJ's RFC assessment was supported by substantial evidence.

As a final argument, Claimant asserts that he had a vision impairment and that the ALJ should have addressed the effect of the

9

problems upon the RFC.  The medical record from January of 2014 indicates Claimant had vision issues and headaches in the past but do not indicate the same issues exist at the time of the record. (Tr. 486).  School screening records from January of 2011 indicated that he failed his visual acuity test and that a referral to an optometrist was sent to his mother.  (Tr. 312).  However, Claimant reported in his Function Report dated July 11, 2014 that he has been prescribed glasses by a doctor.  (Tr. 350).  Claimant refers to a record which indicates Claimant was "legally blind and he doesn't wear his glasses."   This record reflects the statements of Claimant's mother who was attempting to explain the possible basis for the prescription of Mobic - to address headaches from his failure to wear his glasses.  (Tr. 645).  The record would indicate that Claimant's vision problems have been addressed and treated and any problem arising from the condition and headaches is attributable to his non-compliance with wearing the glasses prescribed for him. Nothing in the record indicates that Claimant vision problems extend beyond the need for a simple prescription for corrective lenses. Again, Claimant did not identify the condition as limiting his ability to engage in basic work activities.  (Tr. 49).  The ALJ did not err in addressing the condition in the RFC.

## Conclusion

10

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of July, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE